# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL LEE MCDANIEL,<br>    Plaintiff, | Civil Action No. 12-7Erie |
| v. | District Judge McLaughlin |
| ERIE COUNTY COURT OF COMMON PLEAS, et al,<br>    Defendants. | Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that:

- The motion to dismiss filed by Erie County Executive/Council [ECF No. 24] be granted;

- The motion to dismiss filed by the Erie County Court of Common Pleas [ECF No. 28] be granted;

- The motion to dismiss filed by Erie County Regional Contract Jail Albion and the Pennsylvania Department of Corrections [ECF No. 30] and the motion to dismiss filed by the Inmate General Welfare Fund [ECF No. 38] be granted.

1

Furthermore, to the extent Plaintiff seeks to amend his complaint to add claims against new individual defendants, such an amendment should be denied as futile, and the Clerk should be directed to close this case.

## II. REPORT

### A. Relevant Procedural History

On January 12, 2012, Plaintiff Michael Lee McDaniel, an inmate incarcerated at SCI Albion, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are: Erie County Court of Common Pleas; Erie County Executive/Council; Erie County Regional Contract Jail Albion ("SCI-Albion"); Inmate General Welfare Fund ("IGWF"); and Pennsylvania Department of Corrections.

In his Amended Complaint, Plaintiff alleges that the sentence he received from the Bedford County Court of Common Pleas was excessive, exceeded the Pennsylvania Sentencing Guidelines and the maximum statutory penalty, is unconstitutional and lacks finality. Plaintiff claims the "Apprendi rule" applied to his sentence.

On February 17, 2010, Plaintiff was transferred from SCI Albion to the Muskegon County Jail in Michigan. Plaintiff claims this transfer "cancelled/terminated" his underlying sentencing order. Plaintiff complains that the transfer from Albion to Muskegon and later back to Albion violated his constitutional rights under the Fifth, Eighth and Fourteenth Amendments.

Defendants have each filed motions to dismiss and Plaintiff has filed an opposition brief. These motions are fully briefed and are ripe for disposition by this Court.

### B. Standards of Review

#### 1) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

#### 2) Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the

3

complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469,

at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

Defendants have attached exhibits to their motions to dismiss. These exhibits include Plaintiff's criminal docket from Bedford County Court of Common Pleas. The use of these exhibits by this Court does not convert Defendants' motion to dismiss for failure to state a claim into a motion for summary judgment. Pryor v. National Collegiate Athletic Association, 288 F.3d 548, 560 (3d Cir. 2002) ("...certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of an Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to an Federal Rule of Civil Procedure 56 motion for summary judgment.").

### C. Eleventh Amendment Immunity

Defendants Erie County Court of Common Pleas, SCI-Albion, IGWF, and the Department of Corrections all seek to dismiss Plaintiff's claims based upon Eleventh Amendment immunity.

The Eleventh Amendment proscribes actions in the federal courts against, *inter alia*, states and their agencies. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977)(state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) citing Alabama v. Pugh, 438 U.S. 781 (1978).

It is well-settled that courts of common pleas are arms of the Commonwealth of Pennsylvania and are, thus, entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys. See Benn v. First Judicial District, 426 F.3d 233, 241 (3d Cir. 2005) (Pennsylvania has a unified state judicial system so judicial districts (i.e. common pleas courts), being an "integral component" of the system, have Eleventh Amendment immunity). It is equally well-settled that the DOC, which administers all state correctional institutions including SCI-Albion, is an agency or arm of the Commonwealth of Pennsylvania. Thus, the Department of Corrections and its respective institutions, including SCI Albion, are also entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys. See Steele v. Pennsylvania, 2009 WL 614800, at *8 (W.D. Pa.).

No exceptions to Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued, Wilson v. Vaughn, 1996 WL 426538, at *1 n.2 (E.D.Pa.) nor has Congress expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. Smith v. Luciani, 1998 WL 151803 at *4 (E.D.Pa. March 31, 1998), aff'd, 178 F.3d 1280 (3d Cir. 1999)(Table).

Accordingly, Plaintiff's claims against Defendants Erie County Court of Common Pleas, SCI-Albion, IGWF, and the Department of Corrections should be dismissed based upon Eleventh Amendment immunity.[1]

### D. Excessive Sentence Claim

To the extent that Plaintiff is claiming that he was subject to an "illegal sentence"[2] in excess of the statutory maximum, remaining Defendants Erie County Executive/Council[3] argue that Plaintiff's claims are barred by the Rooker-Feldman doctrine. This Court agrees.

---

[1] Moreover, these named Defendants are not "persons" against whom a civil rights action may be brought under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

[2] The record before this Court reflects that Plaintiff was found guilty of three counts of Rape and one count of Involuntary Deviate Sexual Intercourse and sentenced to a total term of incarceration of 15-30 years. See ECF No. 25-1, pages 1-6.

[3] Plaintiff has named "Erie County Executive/Council," which is not an existing entity and is therefore not a proper party to a § 1983 action. Will, 491 U.S. 58. Furthermore, Plaintiff has not alleged how the Erie County Executive/Council or its individual employees have any involvement in his claims which arise out of his criminal sentence ordered by Bedford County Court of Common Pleas.

The Rooker-Feldman doctrine is derived from 28 U.S.C. § 1257 and the understanding that "a United States District Court has no authority to review judgments of a state court in judicial proceedings. Review of such judgments may be had only in the [United States Supreme] Court." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). The United States Supreme Court has summarized the doctrine:

> The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). See also Rooker v. Fidelity Trust, 263 U.S. 413, 416 (1923) and Feldman, 460 U.S. at 462. "If it were otherwise, any person dissatisfied with a state ... award could seek review in the district court under the guise of a federal civil rights violation." Marran v. Marran, 2003 WL 21448868, at *8 (E.D. Pa.) quoting Logan v. Lillie, 965 F.Supp. 695 (E.D. 1997).

Following the Supreme Court's decision in Exxon Mobil, the Third Circuit explained that the doctrine:

> bars the lower federal courts 'from entertaining an action ... if the relief requested effectively would reverse a state court decision or void its ruling. Accordingly, the *Rooker-Feldman* doctrine creates a jurisdictional bar where the federal claim was 'actually litigated' in state court or where the federal claim is 'inextricably intertwined' with a previous state-court judgment.

Gordon v. East Goshen Twp., 2009 WL 69878 (E.D. Pa.) quoting Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006).

More recently, the Third Circuit explained that "there are four requirements that must be met for the *Rooker-Feldman* doctrine to apply": "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010).

Plaintiff claims that his constitutional rights were violated by Defendants' actions in pursuing, enforcing, allowing and/or condoning his alleged wrongful imprisonment. Plaintiff is, in essence, asking this Court to conduct a *de novo* review of all state court proceedings related to his conviction and sentence, in an effort to have the state court judgment expunged and damages assessed. In order to grant such relief, a determination that the state court judgment was erroneous must occur, which would render the state court sentencing decision "ineffectual." This the Court cannot do. Thus, Plaintiff's claim challenging the length of his state sentence should be dismissed.

### E. Transfer Claims

To the extent that Plaintiff challenges the constitutionality of his transfer to Muskegon County Jail and his later transfer back to SCI Albion, his claims fail. It is well-settled that an inmate has no federal liberty interest guaranteeing that he remain in a particular prison, or preventing his transfer to another correctional facility, either in the same state or interstate. Olim

v. Wakinekona, 461 U.S. 238, 247 (1983); In re Baker, 469 Fed.Appx 89, 90 (3d Cir. 2012). In Olim, the Supreme Court recognized that:

> [j]ust as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State …
>
> [I]t is neither unreasonable nor unusual for an inmate to serve practically his entire sentence in a State other than the one in which he was convicted and sentenced, or to be transferred to an out-of-state prison after serving a portion of his sentence in his home State. Confinement in another State … is within the normal limits or range of custody which the conviction has authorized the State to impose.

461 U.S. at 245-48.

Because there is no liberty interest invoked here, Plaintiff's claims challenging his transfers should be dismissed.

### F. Proposed Amendment

To the extent that Plaintiff's opposition brief to Defendants' motions to dismiss seeks to amend the complaint to add claims against new individual Defendants[4], such an amendment should be denied as futile. In particular, the proposed claims mirror those that have been recommended for dismissal herein, and the same grounds for dismissal would apply to such claims.

---

[4] The individuals that Plaintiff seeks to name as Defendants include: Judge Ernest DiSantis; District Attorney Jack Daneri; Warden Michael Harlow; Deputy Warden Ronald Bryant; Department of Corrections Records Supervisor Cheryl Gill; and Department of Corrections Director of Records Judith Viglione.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

- The motion to dismiss filed by Erie County Executive/Council [ECF No. 24] be granted;

- The motion to dismiss filed by the Erie County Court of Common Pleas [ECF No. 28] be granted;

- The motion to dismiss filed by Erie County Regional Contract Jail Albion and the Pennsylvania Department of Corrections [ECF No. 30] and the motion to dismiss filed by the Inmate General Welfare Fund [ECF No. 38] be granted.

Furthermore, to the extent Plaintiff seeks to amend his complaint to add claims against new individual defendants, such an amendment should be denied as futile, and the Clerk should be directed to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
United States Magistrate Judge

Dated: January 29, 2013